UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANTHONY CORNELI,
and other similarly situated individuals,

    Plaintiff (s),

v.

C & P TOWING & TRANSPORT, INC.,
and ALEXDEINE GOODWIN

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANTHONY CORNELI, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants C & P TOWING & TRANSPORT, INC., and ALEXDEINE GOODWIN, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff ANTHONY CORNELI (hereinafter ANTHONY CORNELI, or Plaintiff) is a resident of Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendant C & P TOWING & TRANSPORT, INC. (hereinafter C & P TOWING, or Defendant) is a Florida corporation with corporate offices in Broward County, Florida, FL, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendant ALEXDEINE GOODWIN was and is now the owner/partner and manager of Defendant Corporation C & P TOWING. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Broward County, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former tow-truck drivers, former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of C & P TOWING, in furtherance of the business of Defendants, and who

worked more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half his regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity of by law.

10. Corporate Defendant C & P TOWING is a towing company operating 24/7 roadside assistance and related transportation services in Broward and Miami-Dade County.

11. Defendants C & P TOWING, and ALEXDEINE GOODWIN, employed Plaintiff ANTHONY CORNELI as a non-exempted, full-time tow truck driver, from on or about April 02, 2021, to April 16, 2021, or 2 weeks.

12. Plaintiff was hired as a non-exempted employee to perform non-exempt work as a tow truck driver with a wage rate of $800.00 weekly.

13. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week from Monday to Friday, from 7:00, 8:00 AM, or 9:00 PM to 7:00, 8:00, or 9:00 PM (12 hours each day). Plaintiff worked a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

14. Plaintiff worked as a tow truck driver 5 days per week, 12 hours daily, or a total of 60 hours for 2 weeks. At the end of the second week, Defendants paid Plaintiff his 2 weeks of work. Defendants handed over to Plaintiff a check for $300.00 covering 2 weeks of work, or $150 per week. This amount divided by 60 working hours resulted in an hourly rate of $2.50 an hour, which is less than the minimum wage required by law.

15. Plaintiff complained and objected to the reduced payment, but the owner of the business ALEXDEINE GOODWIN fired Plaintiff on the spot. Defendants refused to pay Plaintiff his hard-earned wages. Furthermore, Defendants also refused to reimburse Plaintiff $120.00 that he spent from his own money for gas expenses.

16. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

18. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § § 201-209. Plaintiff and those similarly situated employees performed services and labor for Defendants. Still, Defendants made no provision to pay Plaintiff and other employees in the asserted class the compensation they were lawfully entitled to all the regular and overtime hours worked within a workweek.

19. Plaintiff ANTHONY CORNELI seeks to recover unpaid minimum wages, overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law. Plaintiff also demands the reimbursement of $120.00 spent from his own money to cover gas expenses.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff ANTHONY CORNELI re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

21. Plaintiff brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. The Employer C & P TOWING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

23. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

24. Defendants C & P TOWING, and ALEXDEINE GOODWIN, employed Plaintiff ANTHONY CORNELI from on or about April 02, 2021, to April 16, 2021, or 2 weeks.

25. Plaintiff was hired as a full-time, non-exempted employee to perform non-exempted work as a tow truck driver, with a wage rate of $800.00 weekly.

26. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week from Monday to Friday, a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

27. Plaintiff worked as a tow truck driver 5 days per week, 12 hours daily, or a total of 60 hours for 2 weeks. At the end of the second week, Defendants paid Plaintiff his 2 weeks of work. Defendants handed over to Plaintiff a check for $300.00 covering 2 weeks of work, or $150 per week.

28. The amount divided by 60 working hours resulted in an hourly rate of $2.50 an hour, which is less than the minimum wage required by law. Likewise, Plaintiff worked more than 40 hours, but he was not paid for overtime hours.

29. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

30. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

31. Plaintiff was paid $150.00 weekly without any record or paystub showing the number of days and hours worked, wage rate paid, etc.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
   *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Five Hundred Nineteen Dollars and 20/100 ($519.20)

   b. <u>Calculation of such wages</u>:

       Total period of employment:  2 weeks
       Total relevant weeks: 2 weeks
       Total hours worked: 60 hours weekly
       Total unpaid O/T hours:  20 O/T hours weekly
       Rate paid:  $2.50 an hour
       Florida minimum wage:  $8.65 x 1.5= $12.98 O/T rate

       O/T rate $12.98 x 20 O/T hours= $259.60 weekly x 2 weeks =$519.20

.

    c.   <u>Nature of wages (e.g., overtime or straight time):</u>

       This amount represents unpaid overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant ALEXDEINE GOODWIN was and is now the owner/partner and manager of C & P TOWING.  Defendant ALEXDEINE GOODWIN was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in C & P TOWING interests concerning its employees, including Plaintiff and others similarly situated.  Defendant ALEXDEINE GOODWIN had financial and

operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

38. Defendants C & P TOWING and ALEXDEINE GOODWIN, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANTHONY CORNELI and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants C & P TOWING and ALEXDEINE GOODWIN based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANTHONY CORNELI and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

40. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

41. The Employer C & P TOWING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

42. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

43. This action is brought by the Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable

attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

44. Defendants C & P TOWING, and ALEXDEINE GOODWIN, employed Plaintiff ANTHONY CORNELI as a non-exempted, full-time tow truck driver, from on or about April 02, 2021, to April 16, 2021, or 2 weeks.

45. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver, with a wage rate of $800.00 weekly.

46. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week from Monday to Friday, a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

47. Plaintiff worked as a tow truck driver 5 days per week, 12 hours daily for 2 weeks. At the end of the second week, Defendants paid Plaintiff his 2 weeks of work. Defendants handed over to Plaintiff a check for $300.00 covering 2 weeks of work, or $150 per week.

48. This amount divided by 60 working hours resulted in an hourly rate of $2.50 an hour, which is less than the minimum wage required by federal and state law.

49. Plaintiff worked a substantial number of hours that were not compensated at his regular rate, and not even the minimum wage rate established by the FLSA.

50. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

51. Plaintiff was paid $150.00 weekly without any record or paystub showing the number of days and hours worked, wage rate paid, etc.

52. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

53. Plaintiff was paid weekly by direct deposits, and his paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.

54. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

56. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. Total amount of alleged unpaid wages:

       Four Hundred Ninety-Two Dollars and 00/100 ($492.00)

    b. Calculation of such wages:

       Total period of employment:  2 weeks
       Total relevant weeks: 2 weeks
       Total hours worked: 60 hours weekly
       Rate paid:  $150.00 weekly: 60 hours = $2.50 an hour
       Florida minimum wage:  $8.65 - $2.50 rate paid = $6.15 difference

       Min. wage difference $6.15 x 40 hours= $246.00 weekly x 2 weeks=$492.00

    c. Nature of wages:

       This amount represents unpaid minimum wages at the Florida minimum wage rate.

57. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

58. The Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

59. At times mentioned, individual Defendant ALEXDEINE GOODWIN was and is now the owner/partner and manager of C & P TOWING. Defendant ALEXDEINE GOODWIN was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant

acted directly in the interests of C & P TOWING concerning its employees, including Plaintiff and others similarly situated. Defendant ALEXDEINE GOODWIN had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

60. Defendants C & P TOWING and ALEXDEINE GOODWIN willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANTHONY CORNELI respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ANTHONY CORNELI and against the Defendants C & P TOWING and ALEXDEINE GOODWIN based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANTHONY CORNELI and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

62. Plaintiff ANTHONY CORNELI re-adopts every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

63. The Employer C & P TOWING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

64. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

65. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

66. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

67. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

68. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

69. Defendants C & P TOWING, and ALEXDEINE GOODWIN, employed Plaintiff ANTHONY CORNELI from on or about April 02, 2021, to April 16, 2021, or 2 weeks.

70. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver, with a wage rate of $800.00 weekly.

71. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week from Monday to Friday, a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

72. On or about April 16, 2021, the end of the second week, Defendants paid Plaintiff his 2 weeks of work.  Defendants handed over to Plaintiff a check for $300.00, or $150 per week.

73. This amount divided by 60 working hours resulted in an hourly rate of $2.50 an hour, which is less than the minimum wage required by law. Moreover, Plaintiff worked more than 40 hours, but he was not paid for overtime hours.

74. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working more than 40 hours in a week.

75. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

76. Plaintiff was very disappointed, and he complained to the owner of the business ALEXDEINE GOODWIN. Plaintiff demanded to be paid the salary agreed at his hiring, and to be paid for overtime hours. Also, Plaintiff requested the reimbursement of $120.00 of gas expenses.

77. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

78. However, as a direct response to Plaintiff's complaints, the owner of the business ALEXDEINE GOODWIN refused to pay Plaintiff the correct amount and fired him on the spot.

79. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

80. At times mentioned, individual Defendant ALEXDEINE GOODWIN was and is now the owner/partner and manager of C & P TOWING.  Defendant ALEXDEINE GOODWIN was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant

acted directly in the interests of C & P TOWING concerning its employees, including Plaintiff and others similarly situated. Defendant ALEXDEINE GOODWIN had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

81. The termination of Plaintiff ANTHONY CORNELI by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

82. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

83. Defendants C & P TOWING and ALEXDEINE GOODWIN willfully and maliciously retaliated against Plaintiff ANTHONY CORNELI by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

84. The motivating factor which caused Plaintiff ANTHONY CORNELI to be fired from the business, as described above, was his Complaint seeking his regular and overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

85. The Defendants' adverse actions against Plaintiff ANTHONY CORNELI were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

86. Plaintiff ANTHONY CORNELI has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ANTHONY CORNELI respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants C & P TOWING and ALEXDEINE GOODWIN that Plaintiff ANTHONY CORNELI recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants C & P TOWING and ALEXDEINE GOODWIN to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ANTHONY CORNELI further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ANTHONY CORNELI demands trial by a jury of all issues triable as of right by a jury.

DATED: July 23, 2021

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*