UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61513-RAR

**ANTHONY CORNELI**,
*and other similarly situated individuals*,

    Plaintiff,

v.

**C & P TOWING & TRANSPORT, INC.**, *et al.*,

    Defendants.
_____/

### ORDER ADMINISTRATIVELY CLOSING CASE AND REQUIRING SUBMISSION OF SETTLEMENT AGREEMENT FOR COURT APPROVAL

**THIS MATTER** comes before the Court upon the parties' Notice of Settlement [ECF No. 10] ("Notice"), filed on August 20, 2021. The Notice indicates that the parties have reached a settlement in this case, which alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

Before a court may approve a proposed settlement under the FLSA, it must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354. The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership,*

*Inc.*, No. 10-1805, 2012 WL 570060, at *3 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. April 19, 2010).

Additionally, the parties may not bargain away the right to liquidated damages. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8. When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an *additional equal amount* as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

The FLSA also requires the award of reasonable attorney's fees to the prevailing employee. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007). The district court is required to review the award of attorney's fees for reasonableness to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351-52 (emphasis and alterations added) (citations omitted). "[T]he best way to [e]nsure that no conflict has tainted the settlement is for parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243.

Finally, a proposed FLSA settlement agreement may be rejected as "unreasonable" if it contains confidentiality provisions because it "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their

FLSA rights." *Dees*, 706 F. Supp. 2d at 1242-43; *see also Hicks v. Vortex Marine Constr., Inc.*, No. 16-1226, 2017 WL 2664361, at *5 (M.D. Fla. May 4, 2017) (citations omitted) ("Parties frequently include confidentiality provisions in their FLSA settlement agreements and those provisions are regularly rejected by the courts.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. By **September 20, 2021**, the parties shall file their proposed settlement for the undersigned's review and approval.

2. To satisfy the standard set forth in *Lynn's Food Stores*, the parties shall ensure that the settlement agreement they submit to the Court for approval meets the following requirements:

   a. The settlement agreement must include liquidated damages in an amount equal to the unpaid wages awarded.

   b. The settlement agreement must not include confidentiality provisions.

   c. The parties shall submit affidavits or exhibits that will allow the Court to scrutinize the reasonableness of any attorney's fees and costs awarded under the settlement agreement. The affidavits or exhibits shall describe the number of hours Plaintiff's counsel worked on the case, what work was done during those hours, and counsel's hourly billing rate.

3. The above-styled action is administratively **CLOSED** without prejudice to the parties to file their settlement agreement for approval as set forth above. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of August, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE